IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:19-cv-01675-REB-KLM

MICHELLE STEVENS,

    Plaintiff and Counterclaim Defendant,

v.

DAVID MULAY,

    Defendant and Counterclaimant.

---

**UNOPPOSED MOTION TO RESTRICT ACCESS TO PAGES IN EXHIBITS PURSUANT TO D.C.Colo.LCivR 7.2(c)**

---

    Plaintiff, Michelle Stevens, by and though her counsel, moves this Court to restrict access to an expert medical report contained within Dockets 54-11 and 56-1. Defendant does not oppose this motion after conferral under D.C.Colo.LCivR 7.1(c).

    The Protective Order [Dkt. 33] in this case states, "The Producing Party…may designate as Confidential Information any Document or information that it has determined in good faith consists of or relates to any information that can be protected from disclosure under F.R.C.P. 26(c), including but not limited to the following…(c) medical records; and (d) any information protected from disclosure under Colorado law, including but not limited to protection by virtue of any applicable privilege, privacy right, or any other ground for protection." It explains that "Any Confidential Information submitted to the Court, whether in any motions…or other papers, shall, unless otherwise agreed by the parties, be subject to this Protective Order and shall be filed

1

with an unopposed Motion to Restrict under D.C.COLO.LCivR 7.2 and the Confidential Information itself shall be filed as restricted." Protective Order at ¶ 14.

Dockets 54-11 and 56-1, which are exhibits to Defendant's Response to Plaintiff's C.R.S. § 13-20-1101 Motion to Dismiss Counterclaimant's Second and Third Claims for Relief [Dkt. 54], include expert medical reports containing information marked Confidential under the Protective Order [Dkt. 33].

Accordingly, Plaintiff requests this Court restrict public access to pages 4-8 of Docket 54-11 and pages 4-9 of Docket 56-1 or the entirety of those docket entries if restricting access to pages is infeasible. These pages include an expert medical report containing medical information about the Plaintiff, including Plaintiff's medical condition(s), visits to medical providers, various medical tests, and treatment plans. Plaintiff has a privacy interest in her medical information whereas the general public has no interest in her medical information. The Plaintiff could suffer harm to her privacy interests if the medical information continues to be made public. There is no alternative to restriction because these pages are full of private medical information, making redaction impracticable.

This Court previously entered an Order [Dkt. 72] restricting access to Plaintiff's expert medical report when it was included as an exhibit to Plaintiff's Reply in Support of her C.R.S. § 13-20-1101 Motion to Dismiss Counterclaimant's Second and Third Claims for Relief, Malicious Prosecution and Abuse of Process [Dkt. 71].

Therefore, Plaintiff requests that this Court place pages 4-8 of Docket 54-11 and pages 4-9 of Docket 56-1 under Level 1 restricted access or place the entirety of Docket

54-11 and Docket 56-1 under Level 1 restricted access if it is infeasible to restrict access to pages.

Respectfully submitted this 3rd day of December, 2020.

                                           */s/ J. Bennett Lebsack*
                                           J. Bennett Lebsack
                                           Mary Jo Lowrey
                                           Lowrey Parady Lebsack, LLC
                                           1490 Lafayette St., Suite 304
                                           Denver, CO 80218
                                           Tel. (303) 593-2595
                                           ben@lowrey-parady.com
                                           maryjo@lowrey-parady.com
                                           *Attorneys for Plaintiff/Counterclaim Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **JOINT MOTION TO RESTRICT ACCESS TO PAGES IN EXHIBITS PURSUANT TO D.C.Colo.LCivR 7.2(c)** was electronically filed with the Clerk of the Court using the CM/ECF system on this 3rd day of December, 2020, which will send notification of such filing to the following e-mail addresses:

David M. Tenner
Ridley, McGreevy & Winocur, P.C.
303 16th St., Suite 200
Denver, CO 80202
(303) 629-9700
tenner@ridleylaw.com

Marci G. LaBranche
Stimson Stancil LaBranche Hubbard, LLC
1652 Downing Street
Denver, Colorado 80218
(720) 689-8909
labranche@sslhlaw.com
*Attorneys for Defendant*

                                           *s/ J. Bennett Lebsack*
                                           J. Bennett Lebsack