**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 19-cv-01675-REB-KLM

MICHELLE STEVENS,

    Plaintiff/Counterclaim Defendant,

v.

DAVID MULAY,

    Defendant/Counterclaimant.

## ORDER OVERRULING OBJECTIONS TO AND ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#83],[1] filed February 16, 2021; (2) **Plaintiff's Objection to Magistrate Judge's Recommendation Denying Plaintiff's C.R.S. § 13-20-2201 Motion To Dismiss Counterclaimant's Second and Third Claims for Relief, Malicious Prosecution and Abuse of Process** [#84], filed March 2, 2021; and (3) **Defendant David Mulay's Objections to Proposed Findings and Recommendations of Magistrate Judge** [#85], filed March 2, 2021. I overrule the objections, approve the ultimate conclusions of the recommendation, grant plaintiff's motion to dismiss defendant's counterclaim for abuse of process, and deny her special motion to dismiss defendant's counterclaim for malicious prosecution.

---

[1] "[#83]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which cognizable objections have been filed. I have considered carefully the recommendation, the objections, and applicable caselaw. The magistrate judge's recommendation is detailed and well-reasoned, and I agree with her ultimate conclusions as to the proper disposition of these counterclaims, although not necessarily for the same reasons.

Regarding his counterclaim for abuse of process, Mr. Mulay must establish "(1) an ulterior purpose for the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings, i.e., use of a legal proceeding in an improper manner; and (3) resulting damage." **Parks v. Edward Dale Parrish LLC**, 452 P.3d 141, 145 (Colo. App. 2019) (citation omitted). Although the first and second elements are theoretically distinct, **see id.**, in practice, the second actually informs the first. For not simply any ulterior motive will satisfy the requirements of abuse of process, but only one which results in the use of the process in an improper manner. Thus, "an ulterior purpose is one that the legal proceeding was not designed to accomplish. . . . [T]here is no liability for abuse of process if the defendant's ulterior purpose was simply incidental to the proceeding's proper purpose." **Mintz v. Accident & Injury Medical Specialists, PC**, 284 P.3d 62, 66 (Colo. App. 2010), **as modified** (Feb. 24, 2011), **aff'd**, 279 P.3d 658 (Colo. 2012). Stated differently, the ulterior motive must be one which seeks a "collateral objective different from what could have been obtained in the lawsuit itself." **Pinon Sun Condominium Association, Inc. v. Atain Specialty Insurance Co.**, 2019 WL 140710 at *7 (D. Colo. Jan. 9, 2019), **adopted**,

2019 WL 4667994 (D. Colo. Sept. 25, 2019).

It is on this point that Mr. Mulay's counterclaim for abuse of process falters. The allegation that Ms. Stevens swore out a criminal complaint to cause him financial and emotional damage in revenge for his ending their relationship does not set forth a purpose extrinsic or collateral to the litigation process. The filing of even a well-founded criminal complaint can be expected to cause the defendant financial hardship and emotional upheaval.[2] *See Partimer Worldwide v. Siliconexpert Technologies, Inc.,* 2010 WL 502718 at *3 (D. Colo. 2010) ("[C]ivil litigation is an inherently expensive and time-consuming process . . . But finding that [Ms. Stevens] has an improper purpose for [her] actions is not the same as finding that [she] has used improper means to do so."). Yet such common incidental effects of litigation are insufficient to substantiate a viable claim for abuse of process. *See, e.g.*, *Hertz v. Luzenac Group*, 576 F.3d 1103, 1117-18 & n.9 (10th Cir. 2009) (district court properly denied leave to amend to add claim of abuse of process where plaintiff failed to identify any "collateral advantage" defendant allegedly sought in bringing counterclaim for misappropriation of trade secrets; although success of claims might prevent plaintiff from working in his chosen field, such outcome

---

[2] Moreover, while the alleged falsity of Ms. Stevens's claims is relevant to Mr. Mulay's counterclaim for malicious prosecution, it is not sufficient to state a claim for abuse of process:

> The malicious prosecution tort addresses the situation where a person knowingly initiates baseless litigation. In contrast, the abuse of process tort provides a remedy in situations where litigation is properly initiated, but is misused through an irregular, generally coercive act.

*Mintz*, 284 P.3d at 66. *See also Gustafson v. American Family Mutual Insurance Co.*, 901 F.Supp.2d 1289, 1305 (D. Colo. 2012) ("[I]n an abuse of process claim, even the filing of a lawsuit the filer knows to be unfounded is insufficient to demonstrate the improper use of the legal process."); *James H. Moore & Associates Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994) ("If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse, even if the plaintiff . . . knowingly brought suit upon an unfounded claim.").

was a "natural and not unexpected consequence of a successful lawsuit"); ***Tatonka Capital Corp. v. Connelly***, 2016 WL 9344257 at *5 (D. Colo. Dec. 29, 2016) ("The fact that there is an incidental motive or consequence of harassment or intimidation to a process that is otherwise invoked for its normal purpose does not give rise to a cognizable claim for abuse of process."); ***Sterenbuch v. Goss***, 266 P.3d 428, 439 (Colo. App. 2011) (allegation that plaintiff brought suit "to harass, embarrass, damage, burden and wrongfully obtain monies from defendants" insufficient to state viable abuse of process claim; "These allegations do not refer to an improper use of process, but rather, to improper purposes in bringing the action."). I thus concur with the magistrate judge that this claim is properly dismissed.

Mr. Mulay maintains the magistrate judge erred further in failing to afford him an opportunity to amend to attempt to assert a viable counterclaim. She did not. For one thing, Mr. Mulay's request, made in the context of his response to the motion to dismiss, is procedurally improper. **D.C.COLO.LCivR** 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document."). Even at this late juncture, knowing the magistrate judge recommends dismissal, he has not bothered to file a proper motion seeking leave to amend this claim.

Had he done so, he would have been required to substantiate a conclusion that he has additional, relevant facts to plead and that he has good cause for failing to raise them before now, more than seven months past the deadline for amendment of

4

pleadings.³  "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard."  ***Gorsuch, Ltd., B.C. v. Wells Fargo National Bank Association***, 771 F.3d 1230, 1240 (10th Cir. 2014).  Rule 16's "good cause" standard "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment," and "[p]roperly construed, . . . means that scheduling deadlines cannot be met despite a party's diligent efforts."  ***Pumpco, Inc. v. Schenker International, Inc.***, 204 F.R.D. 667, 668 (D. Colo. 2001) (internal citations and quotation marks omitted).  Mr. Mulay has offered neither argument nor evidence suggesting he can meet this standard, and I admit I am dubious.  ***See Gorsuch, Ltd.***, 771 F.3d at 1240 ("If the plaintiff knew of the underlying conduct but simply failed to raise tort claims, however, the claims are barred.").  Accordingly, dismissal of Mr. Mulay's abuse of process counterclaim without prejudice is appropriate.⁴

I likewise agree with the magistrate judge that Mr. Mulay's counterclaim for malicious prosecution survives Ms. Stevens's special motion to dismiss under §13-20-1101, C.R.S., Colorado's anti-SLAPP statute.⁵  To "encourage continued participation in

---

³ The deadline for amendment of the pleadings in this case was extended at the request of the parties to August 6, 2020.  (**See Minute Order** [#36], filed August 3, 2020.)

⁴ Of course, because the dismissal is without prejudice, Mr. Mulay remains free to file a motion seeking leave to amend if he believes he has additional facts which might salvage this claim and can prove his entitlement to amend under the standards set forth herein.

⁵ "SLAPP" is an acronym for Strategic Litigation Against Public Participation.  Anti-SLAPP laws have been enacted in many states in response a recognition that

> litigation has become an increasingly popular tool for businesses, politicians, and other who are aggrieved by publicity about their products

matters of public significance," and to ensure that such "participation should not be chilled through abuse of the judicial process," §13-20-1101(1)(a), C.R.S., the anti-SLAPP statute "provid[es] a special procedure for striking meritless, chilling causes of action at the earliest possible stages of litigation,"[6] **Lefebvre v. Lefebvre**, 131 Cal.Rptr.3rd 171, 174 (Cal. App. 2011).[7]

Determining whether the special motion should be granted involves a two-step process. At the first step, the court determines whether Mr. Mulay, as counterclaim plaintiff, has asserted a cause of action which "aris[es] from any act of [Ms. Stevens] in furtherance of [her] right of petition or free speech under the United States constitution or the state constitution in connection with a public issue." §13-20-1101(3)(A), C.R.S.[8]

---

> or services. . . . In response to the chilling effect of such suits on the exercise of free speech, legislatures in more than half the states have passed legislation aimed at chilling the fervor for filing such suits. . . . [W]hile the laws differ from state to state, they generally provide (a) some mechanism for early dismissal of an unfounded complaint, together with (b) an award of attorneys' fees if the so-called "SLAPP" action is dismissed.

**Rule 12. Defenses and Objections—When and How Presented—By Pleading or Motion—Motion for Judgment on Pleadings**, 4 Colo. Prac., Civil Rules Annotated R 12 (5th ed.).

[6] Both parties assume this statute is applicable in this case, as did the magistrate judge. I note, however, that federal courts are divided on the question whether state anti-SLAPP laws are substantive, and thus applicable in a federal diversity cases, or merely procedural, and thus inapplicable. **See** Petition for Writ of Certiorari, **Retzlaff v. Van Dyke**, (No. 19-1272), 2020 WL 2302677 at *5-6 (2020) (detailing circuit split). Indeed, the Tenth Circuit has concluded that Utah's anti-SLAPP law is procedural and therefore inapplicable in federal diversity cases. **Los Lobos Renewable Power, LLC v. Americulture, Inc.**, 885 F.3d 659, 673 (10th Cir.), **cert. denied**, 139 S.Ct. 591 (2018). Because the parties have not briefed this issue, and because I find the anti-SLAPP statute would not preclude Mr. Mulay's malicious prosecution counterclaim in any event, however, I do not address it further.

[7] As the magistrate judge aptly noted, because Colorado's anti-SLAPP law is relatively new and untested, and given that it tracks California's statute almost exactly, it is appropriate to draw from the more well-established body of authority interpreting the California law. (**See Recommendation** at 8-9.)

[8] A "public issue" is implicated, *inter alia*, where the statement is made before a legislative, executive, or judicial proceeding "or any other official proceeding authorized by law." §13-20-1101(2)(a)(I), C.R.S. The magistrate judge noted numerous cases concluding that the filing of a police report comes

If this test is met, Mr. Mulay may avoid dismissal only if he establishes a "reasonable likelihood" that he will prevail on the claim. §13-20-1101(3)(A), C.R.S. **See also Lefebvre**, 131 Cal.Rptr.3rd at 173-74.

Ms. Stevens contends the magistrate judge erred in concluding that false allegations of criminal conduct do not implicate the anti-SLAPP statute, at least where, as here, the purported falsity of the charges is contested. To that extent, I agree with her. While the anti-SLAPP law "cannot be invoked by a defendant whose assertedly protected activity is illegal as a matter of law," **Flatley v. Mauro**, 139 P.3d 2, 13 (Cal. 2006), an activity may be deemed unlawful as a matter of law, and thus the motion denied at the first step of the court's inquiry, only "when the defendant does not dispute that the activity was unlawful, or uncontroverted evidence conclusively shows the activity was unlawful," **Dwight R. v. Christy B.**, 151 Cal.Rptr.3rd 406, 416 (Cal. App. 2013). **See also Lefebvre**, 131 Cal.Rptr.3rd at 176-77 (defendant did not engage in constitutionally protected free speech where she did not contest that she submitted false police report). Thus, "a defendant may invoke the anti-SLAPP statute if the plaintiff's allegations of unlawful activity have not been established either by uncontroverted evidence or admission." **Van Der Valk v. AU Energy, LLC**, 2014 WL 6632930 at *4 (Cal. App. Nov. 24, 2014). **See also Dwight R.**, 151 Cal.Rptr.3rd at 416 (plaintiff's "mere allegation that [the defendant] engaged in unlawful . . . activities is insufficient to render her alleged actions unlawful as a matter of law and outside the protection of" California's anti-SLAPP statute). Because Ms. Stevens does not concede

---

within the ambit of anti-SLAPP laws similar to Colorado's statute. (**See Recommendation** at 12-13 (citing cases).)

the falsity of her allegations against Mr. Mulay made to the police, her special motion survives the first step of review.

Nevertheless, I concur with the magistrate judge's ultimate conclusion that the special motion must be denied because I find Mr. Mulay has presented sufficient evidence to suggest a reasonable likelihood he will prevail on this claim. At this second step of the inquiry, Mr. Mulay must show he "has a reasonable probability of prevailing." *Lefebvre*, 131 Cal.Rptr.3rd at 174. This is a "summary-judgment-like" standard, under which I must "accept[] as true the evidence favorable to [Mr. Mulay] and evaluat[e] [Ms. Stevens's] evidence only to determine whether [she] has defeated [Mr. Mulay's] evidence as a matter of law." *Id.* (citation and internal quotation marks omitted).

Mr. Mulay has presented substantial evidence sufficient to meet this burden of proof. In support of his narrative that Ms. Stevens falsely accused him of attacking her after he ended their romantic relationship, Mr. Mulay presents evidence that Ms. Stevens suffers from a number of mental health disorders which a reasonable jury could conclude caused her to act erratically and either mis-remember or outright fabricate events. Both Ms. Stevens's ex-husband and a former boyfriend submitted affidavits claiming Ms. Stevens falsely accused them of physically assaulting her either after a fight in which she was the aggressor or following a breakup of the relationship.

Moreover, Mr. Mulay has presented evidence which a reasonable jury could find casts substantial doubt on Ms. Stevens's claim that Mr. Mulay attempted to strangle her, which allegation forms the basis of the underlying criminal complaint implicated by this counterclaim. Mr. Mulay proffers affidavits of two persons who interacted with him and

Ms. Stevens repeatedly during the event at which Ms. Stevens claims she was attacked, both of whom aver the couple acted affectionately during the week-long event and neither of whom witnessed any physical evidence to suggest Ms. Stevens had been strangled. It was not until a few months after this alleged attack that Ms. Stevens called one of these friends searching for contact information for the other, whom she claimed had witnessed Mr. Mulay assault her. That friend attests he never saw any such thing. Mr. Mulay also puts forth expert evidence which, if believed by a jury, casts serious doubt on the medical evidence Ms. Stevens submitted to the police in support of her claim Mr. Mulay strangled her.

In response, Ms. Stevens proffers a string of text messages which she claims show Mr. Mulay acknowledged assaulting her. While that is one possible interpretation of this evidence, it certainly is not the only one. Mr. Mulay's responses could also be seen as vague and noncommital, and certainly would support his alternative interpretation that he was merely trying to placate Ms. Stevens as she became increasingly agitated and aggressive, rather than conceding his own guilt.

I thus cannot find Ms. Stevens has presented evidence sufficient as a matter of law to overcome Mr. Mulay's presentation. ***See Lefebvre***, 131 Cal.Rptr.3rd at 174 (court "evaluat[es] the defendant's evidence only to determine whether the defendant has defeated the plaintiff's evidence as a matter of law"). Under these circumstances, her special motion to dismiss Mr. Mulay's malicious prosecution claim must be denied.

Accordingly, I approve the magistrate judge's recommendation and adopt her ultimate conclusions that Ms. Stevens's motion to dismiss Mr. Mulay's counterclaim for abuse of process for failure to state a claim should be granted, and her special motion

to dismiss his malicious prosecution claim under §13-20-1101, C.R.S., should be denied.

  **THEREFORE, IT IS ORDERED** as follows:

  1. That the objections stated in **Plaintiff's Objection to Magistrate Judge's Recommendation Denying Plaintiff's C.R.S. § 13-20-2201 Motion To Dismiss Counterclaimant's Second and Third Claims for Relief, Malicious Prosecution and Abuse of Process** [#84], filed March 2, 2021, are overruled;

  2. That the ultimate conclusions set forth in the **Recommendation of United States Magistrate Judge** [#83], filed February 16, 2021, are approved and adopted as an order of this court;

  3. That the objections stated in **Defendant David Mulay's Objections to Proposed Findings and Recommendations of Magistrate Judge** [#85], filed March 2, 2021, are overruled;

  4. That **Counterclaim Defendant's Fed. R. Civ. P. 12(b)(6) Motion To Dismiss Counterclaimant's Third Claim for Relief, Abuse of Process** [#44], filed August 25, 2020, is granted;

  5. That **Counterclaim Defendant's §13-20-1101 Motion To Dismiss Counterclaimant's Second and Third Claims for Relief, Malicious Prosecution** [#46], filed August 25, 2020, is denied in part and denied as moot in part, as follows:

    a. That the motion is denied as to the counterclaim for malicious prosecution; and

    b. That the motion is denied as moot as to the counterclaim for abuse of

process;

6. That Mr. Mulay's counterclaim for abuse of process is dismissed without prejudice; and

7. That at the time judgment enters, judgment without prejudice shall enter in favor of plaintiff/counterclaim defendant, Michelle Stevens, and against defendant/counterclaimant David Mulay, as to Mr. Mulay's counterclaim for abuse of process.

Dated March 26, 2021, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge